# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | |
| v. | No. 3:13-cr-100 (SRU) |
| TIMOTHY FORBES | |

## ORDER AND RULING ON MOTION FOR COMPASSIONATE RELEASE

Timothy Forbes, currently incarcerated in FCI Oakdale in Louisiana, filed the instant motion for immediate release. Forbes principally argues that the COVID-19 pandemic, together with his Type 2 diabetes, asthma, high blood pressure, high cholesterol, and obesity, constitute "extraordinary and compelling reasons" warranting a reduction of his sentence to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mem. in Support of Mot. for Release, Doc. No. 477.

The government opposes the motion on the grounds that: (1) Forbes' health risks do not outweigh the danger he poses to the community under 18 U.S.C. § 3142(g); and (2) the section 3553(a) factors counsel against release in any event. *See* Opp. to Mot. to Release, Doc. No. 481.

I agree with the government. For the reasons that follow, Forbes' motion for release is **denied**.

## I.      Background

On January 18, 2017, Forbes pled guilty to three counts arising out of gunpoint kidnappings and a robbery at a jewelry store in Fairfield, Connecticut. Plea Agreement, Doc. No. 411. In particular, he pled guilty to kidnapping in violation of 18 U.S.C. § 1201(a)(1) [Count Two]; use of a firearm during and in relation to a crime of violence (kidnapping) in

violation of 18 U.S.C. § 924(c) [Count Six]; and interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) [Count Nine].  *Id*.

On June 30, 2017, I sentenced Forbes to a total effective sentence of 228 months in prison.  Judgment, Doc. No. 460.  I specifically sentenced him to 144 months on Counts Two and Nine, to run concurrently, and to 84 months on Count Six, to run consecutively to the other counts.  *Id*.  The sentence started running on June 9, 2017.  *Id*.  His estimated release date is January 18, 2030.  *See* FEDERAL BUREAU OF PRISONS, *Find an Inmate*, https://www.bop.gov/inmateloc/.

At the time of his sentencing, Forbes was serving another federal sentence of 168 months in connection with a case in the Middle District of Pennsylvania, which was later reduced to 151 months.  *See United States v. Forbes*, 1:13-cr-13 (M.D. Pa.).[1]  In that case, Forbes pled guilty to Hobbs Act Robbery, which stemmed from a robbery of a jewelry store in Pennsylvania.  He has been in custody since his arrest in May 2013.

On May 13, 2020, Forbes submitted a request for compassionate release to the Bureau of Prisons, which was denied.  *See* Ex. A to Mem. In Mot. for Release, Doc. No. 477-1.  On June 1, 2020, Forbes filed a motion requesting a waiver of his exhaustion requirements in order to file a motion for compassionate release in this court.  *See* Mot., Doc. No. 475.  On June 15, 2020, Forbes, through counsel, filed the instant motion for compassionate release.  *See* Mot. for Release, Doc. No. 476.  The government opposed the motion on June 30, 2020.  *See* Opp. to Mot. for Release, Doc. No. 481.

---

[1] Forbes filed a similar motion for release in that court, which remains pending.

## II.     Discussion

As amended by the First Step Act, 18 U.S.C. § 3582 authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

A court may make such a modification only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id*. § 3852(c)(1)(A).  The government does not dispute that Forbes has exhausted his administrative remedies.  *See* Opp. to Mot. for Release, Doc. No. 481, at 10 ("Based on the defendant's May 14, 2020 petition to the warden at Oakdale, which was denied on June 1, 2020, it appears that the instant motion is ripe for district court review.").

The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary.  *United States v. Gileno*, 2020 WL 1307108, at *2 (D. Conn. Mar. 19, 2020).  That section instructs, in relevant part, that a court may reduce a term of imprisonment if the court determines that:

(1) "[e]xtraordinary and compelling reasons warrant the reduction;"

(2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and

(3) "[t]he reduction is consistent with this policy statement."

U.S.S.G. § 1B1.13.

Significantly, the defendant bears the burden of proving that he or she is entitled to a sentence reduction. *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

Since the outbreak of the COVID-19 pandemic, courts within this circuit and across the country have concluded that "extraordinary and compelling circumstances" exist when an incarcerated defendant suffers from health conditions that make him particularly susceptible to serious complications should he contract COVID-19. *See, e.g.*, *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020) (holding that extraordinary and compelling reasons justified immediate release under section 3582(c)(1)(A) because the defendant suffered from "diabetes, a serious medical condition[] which substantially increases her risk of severe illness if she contracts COVID-19") (internal quotation marks, citations, and alteration omitted).

In this case, the government does not dispute that Forbes' medical conditions, including his Type 2 diabetes, asthma, and obesity, heighten his likelihood of serious illness from COVID-19. *See* Opp. to Mot. for Release, Doc. No. 481, at 10. The government instead argues that those health risks are outweighed by the danger that Forbes poses to the community under 18 U.S.C. § 3142(g), as well as the sentencing goals under 18 U.S.C. § 3553(a). I address each argument in turn.

With respect to 18 U.S.C. § 3142(g), the government contends that Forbes poses a danger to the community in light of his "spree of gunpoint kidnappings and violence." *Id*. at 13. I agree. Forbes engaged in a series of violent robberies across multiple jurisdictions, as well as gunpoint kidnappings in this district. Although I commend Forbes for his accomplishments in prison thus far, the fact remains that Forbes has only served a fraction—three years—of his 19-

year Connecticut sentence.  Forbes' proposed release plan, which includes home confinement at his mother's residence with probation supervision, does not assuage my concerns.

Moreover, after considering the factors set forth in 18 U.S.C. § 3553(a), I further conclude that, with a decade remaining until Forbes' estimated release date, a sentence of time served would not be sufficient to accomplish the goals of sentencing.  I recognize that outside visits and programming in the BOP are suspended at this time, which may indeed prevent part of what I hoped to achieve with his sentence.  The need to reflect the seriousness of the crime, to afford adequate deterrence, and to protect the public, however, all still weigh against a reduced sentence.

I further note that Forbes has not demonstrated that FCI Oakdale is incapable of managing the COVID-19 pandemic or of providing proper care should he contract the virus, which further demonstrates that release is not warranted here.  *See United States v. Gagne*, 2020 WL 1640152, at *5 (D. Conn. Apr. 2, 2020) (denying compassionate release in part because the defendant failed to show that the BOP's response to confirmed COVID-19 cases at his facility had been "inadequate from a medical standpoint"); *United States v. Gamble*, 2020 WL 1955338, at *5 (D. Conn. Apr. 23, 2020) (denying compassionate release in part because the prisoner had "not shown that the BOP cannot adequately manage the pandemic or treat [him]").

Federal prisons are operating under modified procedures to mitigate the spread of COVID-19.  *See* FEDERAL BUREAU OF PRISONS, *BOP Implementing Modified Operations,* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 21, 2020).  Under those rules, "[s]ocial visits are suspended," "[a]symptomatic inmates with exposure risk factors are quarantined," and "[s]ymptomatic inmates with exposure risk factors will be isolated and tested for COVID-19 per local health authority protocols."  *Id*.  The movement of prisoners is also

restricted, and enhanced health screening of staff, such as self-reporting and temperature checks, is being performed at all BOP locations. *Id*.

Although Forbes asserts that "inmates regularly engaged in social, legal and medical visits" prior to March 13, 2020, doc. no. 477, at 13, Forbes has set forth no reason for me to believe that FCI Oakdale is not currently complying with the foregoing preventative measures. Rather, Forbes indicates in his memorandum that FCI Oakdale is now in compliance; he states that "[f]amily visits are not allowed" and that "[t]here are no programs, and employment and vocational opportunities have been cancelled." *Id*. at 20. He also states that those who have been diagnosed from COVID-19 have been quarantined. *Id*. at 16 ("Numerous men from Mr. Forbes' unit have been diagnosed with COVID-19 and sent to quarantine").

Moreover, although Forbes contends that FCI Oakdale has experienced at least seven COVID-related prisoner deaths, the mere existence of COVID-19 cases or fatalities does not reflect that BOP is incapable of managing the pandemic within its facilities or otherwise entitle Forbes to relief. *United States v. Adams*, 2020 WL 3026458, at *3 (D. Conn. June 4, 2020) (denying motion for release to prisoner incarcerated in facility with confirmed COVID-19 cases and one death). The mere likelihood of contracting COVID-19 likewise does not warrant release on its own. *Id.* ("The simple risk of the coronavirus pandemic in an institutional environment is not an extraordinary or compelling reason warranting release.").

For those reasons, I conclude that the balance of factors counsels against release. *See United States v. Morales*, 2020 WL 2097630, at *3–*4 (D. Conn. May 1, 2020) (denying compassionate release to a defendant with asthma because "the defendant continue[d] to pose a real danger to the community" and a sentence of time served did not "achieve the goals of sentencing"); *United States v. Miranda*, 2020 WL 2124604, at *4–*5 (D. Conn. May 5, 2020)

(denying compassionate release to a defendant with diabetes because of the defendant's "history of threatened violence and the quantity of drugs involved").

To be sure, I have no doubt that being incarcerated in the wake of a pandemic is a deeply distressing experience.  But after considering the danger Forbes poses to the community and the sentencing goals, I decline to grant the relief he seeks under section 3582(c)(1)(A).

## III.    Conclusion

For the foregoing reasons, Forbes' motion for compassionate release (doc. no. 476) is **denied**.  Forbes' motion for a waiver of his exhaustion requirements (doc. no. 475) is therefore **denied as moot.**

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 31st day of July 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge